DAVID F. GARBER AND KAREN GARBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Garber v. Commissioner
Docket No. 3185-75.
United States Tax Court
T.C. Memo 1977-44; 1977 Tax Ct. Memo LEXIS 395; 36 T.C.M. (CCH) 197; T.C.M. (RIA) 770044; February 23, 1977, Filed *395 Held, the term "gainfully employed" in sec. 214 means that a taxpayer be currently occupied with monetary producing work. David F. Garber and Karen Garber, pro se. Ronald P. Campbell, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' federal income tax for the calendar year 1973 in the amount of $150.09. The sole issue for our determination is whether petitioner, David F. Garber, was "gainfully employed on a substantially full-time basis" within the meaning of section 214, I.R.C. 1954. [1]
*396 This case was submitted under Rule 122 hence all of the facts have been stipulated and are so found.
Petitioners, David and Karen Garber, husband and wife, resided in Richmond, Virginia at the time the petition herein was filed. Their joint Federal income tax return for the taxable year 1973 was timely filed with the Internal Revenue Service Center, Memphis, Tennessee. During the taxable year 1973, petitioners maintained a household within the meaning of section 214(a), which included as a member thereof petitioners' 3-year old daughter, Elizabeth Garber (Elizabeth).Petitioners were entitled to and claimed as a deduction their daughter pursuant to section 151(e). During 1973 petitioners expended $912.90 for services outside their household for care of Elizabeth, which amount did not exceed $200 in any month. Recipients of this $912.90 were not dependents of petitioners, members of petitioners' household or related to petitioners. For the year in issue Karen was employed full time as a teacher, and David was a full-time college student. Also from January to June of 1973, David was employed, approximately 10 hours per week, as a graduate assistant at Madison College. Petitioners' *397 adjusted gross income for the taxable year 1973 was $7,299.32. In his notice of deficiency dated January 13, 1975, respondent disallowed the $912.90 of expenses for household and dependent care services deducted by petitioners on their 1973 return. [2]
Under the stipulation of facts herein all but one of the requirements for the allowance of a deduction pursuant to section 214, for expenses paid by petitioners for dependent care services are satisfied; viz, whether David was "gainfully employed on a substantially full-time basis." Section 214(e)(2)(A). Petitioners contend on brief that the liberal and usual meaning of "gainful employment" includes the enormous expenditure of time and effort requisite in becoming an attorney. The statutory language does not specifically require such gainful employment to be income producing, and it was the intent of Congress when using the word "gainful" to encourage education through the tax law, if such educational effort leads to an income enhancing end. Furthermore, *398 petitioners state on brief that David, as a former member of the Armed Forces of the United States, received payments for educational assistance from the Veterans Administration. These benefits were available only if he were a full-time student in an approved course of study. Hence, this meant that David had to perform services on a full-time basis for an educational facility in order to receive monthly payments from the government. Moreover, for one branch of the United States government (the Veterans Administration) to encourage education while another branch (the Treasury Department) discourages it, through the denial of child care deductions, is an anomaly that negates the entire concept of mass education in this country. Initially we note, as previously stated, that this case was submitted under Rule 122, Tax Court Rules of Practice and Procedure, the parties agreeing upon a complete statement of facts and evidence herein. The stipulation of facts did not state that petitioner, David Garber, was a veteran of the Armed Forces of the United States entitled to and receiving educational benefits. Moreover, the parties stipulated David was a full-time college student and did *399 not state that David was a law student. Therefore in deciding issues of fact, our determination is to be made upon the record presented by the parties in the stipulation of facts herein. We shall not consider petitioners' arguments on brief on allegations not contained in the record. [3]
Succinctly stated petitioners have missed the mark by a wide margin. It is clear that Congress intended the term "gainfully employed" in section 214 to have its commonly accepted meaning; namely that *400 the taxpayer be currnetly occupied with monetary producing work. The Senate Finance Committee Report on P.L. 92-178, which substantially liberalized the rules for child care expenses for taxable years beginning after December 31, 1971 and under which this case is decided, stated: * * * families with two adults where the income level is such that both must obtain employment and there is a child (or incapacitated dependent) in the home, need help not only with respect to child (and incapacitated dependent) care expenses but also for household help that they must obtain in order to be gainfully employed. The domestic help is needed in these cases because the adult members of the family are employed full time and in this since the domestic help expenses can to some extent be likened to an employee business expense. S. Rept. No. 92-437, 92nd Cong., 1st Sess. (1971), 1972-1 C.B. 592. Moreover, Senator Long and Congressman Mills speaking on the Senate and House floor, respectively, to the House-Senate Conference Committee Report on the 1971 amendments to section 214 stated: Mr. Mills of Arkansas: * * * In the case of married couples, this deduction is available only *401 where both are working * * *. Vol. 117 Cong. Rec., H. 12115-6 (Dec. 9, 1971). Mr. Long: * * * For married couples, the provision was limited to those where both were working * * *. Vol. 117 Cong. Rec., S. 21096 (Dec. 9, 1971). Additionally it is clear that the term substantially on a full-time basis means "employed for three-quarters or more of the normal or customary work week (or the equivalent on the average during a month)." S. Rept. No. 92-437, supra,1972-1 C.B. at 593. Finally we note that the Tax Reform Act of 1976, P.L. 94-455, repealed section 214 and provided, for taxable years beginning after December 31, 1975, that the amount expended for child care services be allowed as a tax credit. The report of the Senate Finance Committee stated the new law extends the credit to married couples where one spouse is a full-time student and the other spouse works or where the husband or the wife, or both, work part time. "(Presently [under prior law] both [spouses] are required to work full time.)" S. Rept. No. 94-938, to accompany H.R. 10612, 94th Cong., 2nd Sess. 134 (1976). [4]
*402 In view of the foregoing Decision will be entered for the Respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue, unless otherwise noted. References to certain Code sections which have been repealed subsequent to the periods herein before the Court are given in the present tense for purposes of this opinion.↩
2. Petitioners agree that the deficiency and the adjustments with respect to a casualty loss and miscellaneous business expenses are correct as reflected on the statutory notice.↩
3. Assuming arguendo that petitioner did receive Veterans Administration educational assistance benefits for the year in issue, this factor would not establish that he was gainfully employed. The effect of such payments was not meant to subsidize completely the cost of a veteran's education program and living expenses. Congress believed a veteran would maintain a greater interest in the use of these funds if he were required to make a contribution from his own resources. H. Rept. No. 1258, to accompany H.R. 12410 (Pub. L. No. 89-358), 89th Cong., 2nd Sess. 5 (1966). The Veterans Administration has not forced petitioner to attend college but the payments are similar to a scholarship grant.↩
4. Although this language does not provide us with Congress' intent when drafting P.L. 92-178, it certainly provides us with some evidence of the accepted meaning of the term "gainful employment" under section 214↩.